# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADELE SITT** and **JACLYN BAILEY,** individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br><br>-against-<br><br>**EVERALBUM, INC.** and JOHN DOES 1-25,<br><br>Defendants | Civil Case No.:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**and**<br>**JURY TRIAL DEMAND** |

Plaintiffs, ADELE SITT and JACLYN BAILEY (hereinafter, "Plaintiffs"), New Jersey residents, brings this complaint by and through their attorneys, Marcus & Zelman, LLC, against Defendants EVERALBUM, INC. (hereinafter, "Defendant"),  individually and on behalf of Classes of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Defendants have illegally contacted Plaintiffs and numerous putative class members on their cellular telephones via text message inviting Plaintiffs and putative class members to click on a link if they want to access or view photos from Everalbum.

2. By clicking on the link, the consumer who received the text message is instead invited to download Everalbum's online application.

3. As such, the text message was sent for telemarketing purposes and was an advertisement as it was clear that the message was sent for the purpose of encouraging the recipient to

download the Defendant's application.

4. Sending this text message is in violation of the Telephone Consumer Protection Act ("TCPA"): 47 U.S.C. § 227(b)'s prohibition of sending text messages to cellular telephone numbers using automatic dialing technology without the prior express consent of the individual to whom the text message was sent, and 47 U.S.C. § 227(c)'s prohibition of making telephone solicitations to the phone numbers of individuals on the "Do-Not-Call" list.

5. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

8. The Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself paced the call." See *In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 ("The 1995 Ruling.")

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violations of federal law.  See 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

10. To have standing in federal court, Plaintiff must have suffered a particularized and concrete harm.

11. Unwanted calls cause tangible harms and intangible harms.

12. In the recent Supreme Court decision of *Spokeo, Inc. v. Robin, __ U.S. ____,* 2016 WL 282447 (May 16, 2016), the Court stated that one way to establish that an intangible injury is concrete is to evaluate whether it "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American court." Id at *7.

13. For example, invasion of privacy is an intangible harm that is recognized by the common law and is recognized as a common law tort.

14. When enacting the TCPA, Congress stressed the purpose of protecting consumers' privacy.

15. As Senator Hollings, the Act's sponsor, stated "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night;

they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." 137 Cong. Rec. 30,821-30,822 (1991).

16. In a recent decision discussing Plaintiff's Article III standing under a TCPA claim, the Court stated that wasting a consumer's time, and causing risk of injury due to interruption and distracting provides Article III standing. "Here, the court is satisfied that Plaintiffs' allegations demonstrate "concrete injury" as elucidated in Spokeo. In Spokeo, the "injury" Plaintiffs incurred was arguably merely procedural and thus non-concrete. In contrast, the TCPA and [state law] violations alleged here, if proven, required Plaintiffs to waste time answering or otherwise addressing widespread robocalls. The use of the autodialer, which allegedly enabled Defendants to make massive amounts of calls at low cost and in a short period of time, amplifies the severity of this injury. As Congress and Washington State's legislature agreed, such an injury is sufficiently concrete to confer standing." Booth v. Appstack, Inc. No. C13-1533JLR (W.D. Wash. May 25, 2016) slip op. at 12.

17. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendant is located and conducts business in this judicial district and because a substantial part of the act and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

18. Plaintiff Adele Sitt ("Sitt") is a natural person and a resident of Monmouth County, New Jersey.

19. Plaintiff Jaclyn Bailey ("Bailey") is a natural person and a resident of Monmouth County, New Jersey.

20. Defendant Everalbum, Inc. is a Delaware corporation whose principal office is located at 1 Letterman Drive, Suite C3500, San Francisco, California, 94129.

21. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

22. Defendants are all "persons" as defined by 47 U.S.C. § 227(a)(2)(A).

## **ALLEGATIONS OF FACT**

23. Plaintiffs bring this action individually and on behalf of all others similarly situated for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA").

24. The TCPA prohibits sending a text message solicitation to a cellular telephone using an auto-dialer without the prior express written consent of the called party.

## **AS TO ADELE SITT**

25. Sitt is the "called party" with respect to the text message placed to her cellular telephone number, 732-xxx-2953.

26. The TCPA also prohibits initiating any "telephone solicitation" to phone numbers registered on the national "Do-Not-Call" registry. 47 CFR § 64.1200(c)(2).

27. Sitt's telephone number 732-xxx-2953 has been on the "Do-Not-Call" registry since November 15, 2007

28. On or about August 01, 2016, Sitt received the following text message from 920-821-1405:





29. On or about August 01, 2016, Sitt received a second text from Everalbum.

30. By clicking on the link, Sitt was forwarded to a link and was invited to download the application if Sitt wanted to view the photos.

## AS TO JACLYN BAILEY

31. Bailey is the "called party" with respect to the text message placed to her cellular telephone number, 646-xxx-5138.

32. The TCPA also prohibits initiating any "telephone solicitation" to phone numbers registered on the national "Do-Not-Call" registry. 47 CFR § 64.1200(c)(2).

33. Bailey's telephone number 646-xxx-5138 has been on the "Do-Not-Call" registry since April 23, 2007.

34. On or about July 27, 2016 and on or about August 1, 2016, Bailey received the following text message from 480-712-1712:





35. By clicking on the link, Bailey was forwarded to a link and was invited to download the application if Bailey wanted to view the photos.

36. Upon information and belief, Defendants sent similar text messages to thousands of individuals nationwide using an automatic telephone dialing system and without the consent of those individuals.

## AS TO ALL PLAINTIFFS

37. At no point did Plaintiffs consent to receiving such text messages.

38. At no point did Plaintiffs enter into a business relationship with Defendants.

39. The text messages constitute "telephone solicitations" under 47 CFR § 64.1200(f)(14).

40. The text messages were not for an emergency purpose.

41. The text messages were sent via an automated telephone dialing system.

42. Defendant's use of an automated telephone dialing system to send these messages is clearly indicated by the generic and identical content of these text messages.

43. Defendant's use of an automated telephone dialing system to send these messages is further clearly indicated by the automatic generation of the messages sent to all contacts in the Plaintiff's phone book.

44. Defendants negligently, willfully and/or knowingly violated the TCPA with respect to Plaintiff and putative class members.

45. In fact, a quick search of Defendant's application reviews on the application store reveal tens of complaints from consumers who dealt with similar issues. Below are several examples:

### 12. They use SPAM to hijack contacts

★☆☆☆☆          - Aug 2, 2016

I was waiting for images to be sent from a friend. I received an invitation by him to go to this app and look at his photos. It would not let me out without signing up. I asked him about it and he said this app hijacked all of his contacts. BEWARE. I'm deleting everything. I want nothing to do with a company that gets sign-ups this way. Too bad-they probably didn't have to resort to this. Shame.

## 9. FRAUD

★☆☆☆☆          - Aug 2, 2016

WARNING:  Hundreds or people reportedly got a text Today
from "a friend" they know prompting them to download
EverAlbum.  IF YOU GOT THAT TEXT MESSAGE TODAY LIKE
THIS, do NOT click on it or open the link.  It prompts you to
download an App that will copy/steal all your Private pictures
AND contacts and then send that same text to all your
contacts in your name inviting them to download the same to
victimize them too.

If you already downloaded - please delete the App
IMMEDIATELY.

Please FWD to all your groups.  This is REAL & is still
happening.

## 7. Promoted via scam email

★☆☆☆☆          - Aug 2, 2016

I got a text from someone who I didn't even recognize
instructing me to use the link to look at their pics. I was
curious to see if it was somebody I knew and had forgotten
so I follow the link, which of course meant that I had to
download the app. While I was waiting for the download I
looked through the reviews and saw the other reviews saying
that they had received a scam email like I had. So I'm not
going to even open this app, because it must be so crappy
that this is the only way to promote it. Is this the way Apple
where is the App Store?                                    1

46. As a direct and proximate result of Defendants acts or omissions, as set forth herein,

Plaintiff and putative class members have suffered compensatory, statutory, and actual

damages.

47. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-

recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and

decided that "banning" such calls made without consent was "the only effective means of

protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-

243 §§2(10-13)(Dec. 20, 1991) *codified at* 47 U.S.C. § 227.

---

[1] Plaintiff removed the name of the reviewers.

48. Defendant's action harmed Plaintiffs by causing the very harm that Congress sought to prevent – a "nuisance and invasion of privacy."

49. Defendant's action harmed Plaintiffs by trespassing upon and interfering with Plaintiffs' rights and interest in Plaintiff's cellular telephone.

50. Defendant's action harmed Plaintiffs by intruding upon their seclusion.

51. Defendant's action harmed Plaintiffs by causing Plaintiffs aggravation and annoyance.

52. Defendant's action harmed Plaintiffs by wasting the Plaintiff's time.

53. Defendant's action harmed Plaintiffs in the loss of use of her phone during the time that her phone was occupied by incoming calls.

54. Defendant's action harmed Plaintiffs by depleting the battery life on Plaintiff's cellular telephone.

55. Accordingly, Plaintiffs seeks, on behalf of themselves and all others similarly situated, damages and declaratory and injunctive relief pursuant to the TCPA.

## CLASS ACTION ALLEGATIONS

56. Plaintiffs brings this action on behalf of themselves and on behalf of all other persons similarly situated.

57. Plaintiffs proposes the following Class definitions, subject to amendment as appropriate:

> All persons within the United States to whose cellular phone a text message was sent through the use of an automatic telephone dialing system, within the four years prior the filing of this complaint, by, on behalf of, or for the benefit of Defendants, and who did not provide prior express consent for such text messages.
>
> ("Autodialer Class")
>
> All persons within the United States to whom two or more telephone solicitations were sent in a 12-month period, within four years prior to the filing of this complaint, by, on behalf of, or for the benefit of Defendants, and whose telephone numbers at which these telephone solicitations were received were registered on the national "Do-Not-Call" registry at the time these messages were received.

("DNC Class")

All persons belonging to both the Autodialer Class and the DNC Class.

("Dual Membership Class") (collectively, "Classes")

58. Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediately families, and claims for personal injury, wrongful death, and/or emotional distress.

59. Plaintiffs does not know the exact number of members in the Classes, but a simple internet search of Everalbum reveals hundreds of complaints.

60. Plaintiffs and the Classes have been harmed by the acts of Defendants.

61. This Class Action Complaint seeks injunctive relief and money damages.

62. The joinder of all Class Members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

63. The Classes can be easily ascertained through records maintained by Defendants and/or through phone records maintained by Plaintiff, the Classes, and their wireless carriers.

64. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the Classes' claims predominate over questions which may affect individual Class Members. Those common questions of law and fact include, but are not limited to, the following:

    a.   Whether Defendants initiated any non-emergency telephonic communications to the Autodialer Class using any automatic dialing system;

b.   Whether Defendants can meet their burden of showing they obtained prior express consent;

c.   Whether Defendants maintained written procedures to comply with the national "Do-Not-Call" rules;

d.   Whether Defendants trained its personnel and/or any entities assisting Defendants in procedures established pursuant to the "Do-Not-Call" rules;

e.   Whether Defendants have maintained and recorded a list of telephone numbers that they may not contact;

f.   Whether Defendants used any process to prevent telephone solicitations to numbers on the "Do-Not-Call" registry;

g.   Whether Defendants' conduct was knowing and/or willful;

h.   Whether and to what extent each Defendant acted as an agent of, or in concert with, the other Defendants;

i.   Whether Defendants are liable for damages, and the amount of such damages; and

j.   Whether Defendants should be enjoined from engaging in such conduct in the future.

65. As a person who received a text message from Defendants to his cellular phone using an automatic telephone dialing system without his prior express consent, and whose telephone number was on the "Do-Not-Call" registry, Plaintiffs assert claims that are typical of each putative Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

66. Plaintiffs have retained counsel experienced in and capable of handling class action claims

involving violations of the TCPA.

67. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in prosecuting separate claims is small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular phones.

68. Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b) *ET SEQ.*
### (On behalf of the Autodialer Class)

69. Plaintiffs and the Autodialer Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b) *et seq.*

71. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b) *et seq.*, Plaintiffs and the Autodialer Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

72. Plaintiffs and the Autodialer Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227(b) *ET SEQ.*
(On behalf of the Autodialer Class)**

73. Plaintiffs and the Autodialer Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b) *et seq.*

75. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Autodialer Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

76. Plaintiffs and the Autodialer Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227(c) *ET SEQ.*
(On behalf of the DNC Class)**

77. Plaintiffs and the DNC Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c) *et seq.*, as codified at 47 CFR § 64.1200.

79. Violations of 47 U.S.C. § 227(c) are separate, distinct, and cumulative with violations of 47 U.S.C. § 227(b).

80. As a result of Defendants' negligent violations of 47 U.S.C. § 227(c) *et seq.*, Plaintiff and the DNC Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

81. Plaintiffs and the DNC Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT IV

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c) *ET SEQ.***
**(On behalf of the DNC Class)**

82. Plaintiffs and the DNC Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

84. Violations of 47 U.S.C. § 227(c) are separate, distinct, and cumulative with violations of 47 U.S.C. § 227(b).

85. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

86. Plaintiffs and the DNC Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227(b) *et seq.*, Plaintiffs and the Autodialer Class seek (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper;

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227(b) *et seq.*, Plaintiffs and the Autodialer Class seek (i) up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper.

c. On the Third Count for Negligent Violations of the TCPA, 47 U.S.C. §227(c) *et seq.*, Plaintiffs and the DNC Class seek (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) as a result of Defendants' negligent violations of 47 U.S.C. § 227(c), as codified at 47 CFR § 64.1200(c)(2); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); and (iii) any other relief the Court may deem just and proper; and

d. On the Fourth Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227(c) *et seq.*, Plaintiff and the DNC Class seek (i) up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C) as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(c), as codified at 47 CFR § 64.1200(c)(2); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); and (iii) any other relief the Court may deem just and proper.

e. The Dual Membership Class seek (i) damages in the amount awarded for Counts I and II for violations of 47 U.S.C. § 227(b); (ii) damages in the amount award for Counts III and IV, for violations of 47 U.S.C. § 227(c), as codified at 47 CFR 64.1200(c)(2); (iii) injunctive relief prohibiting such conduct in the future; and (iv) any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 08, 2016

_s/ Ari H. Marcus, Esq._
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
_Attorneys for Plaintiff_

_s/ Yitzchak Zelman, Esq._
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
_Attorneys for Plaintiff_

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiffs, do hereby certify to my

own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 08, 2016

*/s/ Ari Marcus*
Ari Marcus, Esq.

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

*/s/ Ari Marcus*
Ari Marcus, Esq.